# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **WILLIAM BERNARD CROCKETT, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CAUSE NO. 3:05-CV-204 AS** |
| **v.** ) | |
| ) | |
| **FRANK CANARECCI,** ) | |
| ) | |
| **Defendant.** ) | |

### *MEMORANDUM AND ORDER*

William Bernard Crockett, III, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Crockett alleges that when he was transferred out of his booking cell at the St. Joseph County Jail, he was assigned to a segregation cell in a unit that was also used for punishment. Mr. Crockett asserts that he had not violated any jail rules and did not receive a due process hearing before being assigned to the segregation cell. Mr. Crockett states that he was assigned to the cell because of the nature of the charges against him. Mr. Crockett is currently serving a 65 year sentence for murder from the St. Joseph Superior Court.

Pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995).

If Mr. Crockett's complaint alleged that he was placed in segregation as punishment without due process, then he would state a claim; but it does not. Mr. Crockett had not violated any rules and he was not being punished. Mr. Crockett's

complaint alleges that he was placed in segregation without due process because of the nature of the charges against him. That is a legitimate security reason. Therefore this complaint does not state a claim.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

**IT IS SO ORDERED.**

**ENTERED: April 18, 2005**

                                        **s/ ALLEN SHARP**
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**